**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| NATASHA WHITE,                           ) | |
|                                          ) | |
|     **Plaintiff,**    ) | |
|                                          ) | |
| **v.**                                   ) | **Case No.:** |
|                                          ) | |
| LIFEBRITE LABORATORIES,                  ) | |
| LLC,                                     ) | |
|                                          ) | |
|     **Defendant.**    ) | |
| _____/ | |

## PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, NATASHA WHITE ("Plaintiff" or "White"), and files her Complaint against Defendant, LIFEBRITE LABORATORIES, LLC ("Defendant" or "LifeBrite"), and in support states the following:

## NATURE OF THE CLAIMS

1. This is an action for monetary damages pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e, *et seq., as amended* by the Pregnancy Discrimination Act of 1978 (hereinafter "Title VII") and Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination, harassment, and retaliation against

Plaintiff because of her pregnancy and her disability leading to her unlawful termination.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under Title VII and the ADA.

3.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in the district.

## THE PARTIES

4.     Plaintiff, White, is a citizen of the United States, and is and was at all times material, a resident of the state of Georgia.

5.     Defendant, LifeBrite, is a Domestic For Profit Corporation with its principal pace of business in Atlanta, Georgia.

6.     Defendant does business and Plaintiff worked for Defendant in this District.

7.     Defendant is an employer as defined by all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8.     Plaintiff has complied with all statutory prerequisites to filing this action.

9.     On June 16, 2020, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on sex, pregnancy, disability, and retaliation.

10.     Plaintiff's EEOC charge was filed within one hundred eighty days after the alleged unlawful employment practices occurred.

11.     On January 6, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue upon request.

12.     This complaint was filed within ninety days of the EEOC's issuance of the Notice of Right to Sue.

## FACTUAL ALLEGATIONS

13.     Plaintiff is a disabled female.

14.     For approximately nine months Plaintiff worked for Defendant as a Medication Compliance Officer.

15.     Plaintiff was a full-time employee who regularly worked or exceeded forty hours per week.

16.    On or about March 14, 2020, Plaintiff verbally informed Ariana Jefferson, Human Resources Representative, of her pregnancy and inquired into her eligibility for maternity leave.

17.    About one week later, Plaintiff began to experience pregnancy related health complications.

18.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

19.    Defendant was on notice of Plaintiff's disability.

20.    At all times material, Plaintiff was able to perform the essential functions of her job with or without accommodations.

21.    On or about March 22, 2020, Plaintiff notified Tyler Ogden, Supervisor, of her symptoms, which included a fever.

22.    Subsequently, Plaintiff informed Bonnie Maddox of her symptoms and requested to remain home from work on March 23, 2020.

23.    On March 24, 2020, Plaintiff's symptoms had not subsided. Plaintiff contacted Ms. Maddox to inform her of the same. Ms. Maddox instructed Plaintiff to remain home from work for the remainder of the week.

24.     Thereafter, Plaintiff informed Mr. Ogden that she had a prenatal doctor's appointment scheduled on April 2, 2020, to discuss her pregnancy related health issues.

25.     On or about April 2, 2020, Plaintiff was examined by her doctor. Plaintiff's doctor advised she remain out of work until April 28, 2020, due to her pregnancy related complications.

26.     Subsequently, Plaintiff emailed a copy of her doctor's note to Human Resources.

27.     Plaintiff then called Benjamin Williams, Human Resources, to inform him her doctor had written her out of work due to pregnancy related health complications and that she had emailed a copy of her doctor's note to Human Resources.

28.     Thereafter, Plaintiff notified Mr. Ogden that her doctor had advised she remain out of work until April 28, 2020, due to pregnancy related health complications and informed him she had a follow-up doctor's appointment scheduled for April 29, 2020.

29.     However, Defendant did not give Plaintiff the opportunity to be cleared by her doctor to return to work.

30.     On April 27, 2020, Defendant terminated Plaintiff's employment under pretext.

31.     The following day, Plaintiff received a second separation notice with a different pretextual reason for termination.

32.     Plaintiff has been damaged by Defendant's illegal conduct.

33.     Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorney's fees.

## Count I:
## Sex, Including Pregnancy and Maternity Based Discrimination in Violation of Title VII *as amended by the* Pregnancy Discrimination Act of 1978

34.     Plaintiff re-alleges and adopts, as if fully set forth here, the allegations stated in Paragraphs 1-33 above.

35.     At all times relevant to this action, Plaintiff was in a protected category under Title VII because of her sex, female, including pregnancy.

36.     Defendant is prohibited under Title VII from discriminating against Plaintiff because of her sex, including pregnancy and maternity with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

37.     Defendant violated Title VII by unlawfully terminating and discrimination against Plaintiff based on her sex including pregnancy and maternity as compared to male employees and female employees who were not pregnant.

### Count II:
### Retaliation in Violation of Title VII

38.     Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1-33 above.

39.     Plaintiff engaged in protected activity under Title VII while employed by Defendant.

40.     Defendant engaged in intentional retaliation against Plaintiff for her participation in protected activity.

41.     Defendant's conduct violated Title VII.

42.     Defendant's discriminatory conduct, in violation of Title VII, has caused Plaintiff to suffer a loss or pay, benefits, and prestige for which she is entitled to damages.

43.     Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

44.     Defendant has engaged in discriminatory practices with malice and reckless indifference to Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III:
## Disability Discrimination in Violation of the ADA

45.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

46.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

47.    Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

48.    Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

49.    Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

50.    Defendant intentionally discriminated against Plaintiff on the basis of her disability.

51.    As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and

suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

52.    Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count IV:
## Retaliation in Violation of the ADA

53.    Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-33 above.

54.    Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

55.    Defendant's conduct violates the ADA.

56.    Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

57.    Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

58.    Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a)    Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b)    Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c)    Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

**/s/ Gary Martoccio**
Gary Martoccio
Georgia Bar Number: 497511
**Spielberger Law Group**
4890 W. Kennedy Blvd., Ste. 950
Tampa, Florida 33606
T: (800) 965-1570

F: (866) 580-7499
Gary.Martoccio@spielbergerlawgroup.com

*Counsel for Plaintiff*